William J. Regan, J.
Arguments have been made in the 10 listed matters. In two of the proceedings, Nelson Williams and Carl Watkins, charges are still pending in the City Court of Buffalo regarding section 1372 of the Penal Law and section 974 of the Penal Law respectively, and in all other matters charges have been originally placed in the City Court of Buffalo •against all applicants and the charges have been dismissed as a result of the People’s failure to prosecute.
Each of the above-named parties had been subpoenaed to appear before the Grand Jury of the County of Erie on January 18, 1960 as “a witness in the criminal action prosecuted by the People of the State of New York, against John Doe.” That the parties have applied, in the case of the parties who are defendants in the City Court of Buffalo for orders to quash the subpeenaes and in the case of the eight other parties to direct the District Attorney to state the scope of the inquiry and investigation of the Grand Jury of the County of Erie.
Orders have been entered in this court staying the appearance of these parties before the Grand Jury until the disposition of these applications. Reliance is made by the parties on the case of People v. Steuding (6 N Y 2d 214) decided in the Court of Appeals of the State of New York on July 8, 1959. It is claimed by the parties that this case is authority for the propo *80 sition that a person once named as a defendant in a proceeding in the City Court of Buffalo and thereafter subpoenaed before the Grand Jury is in fact “ a prospective defendant or one who is a target of an investigation ’ and that as such they are entitled in the case of Williams and Watkins to have the subpoenaes quashed, and in the case of the eight other parties to direct the District Attorney to give information as to the scope of the inquiry and ¡the investigation of the Grand Jury.
However, a careful examination of the case of People v. Steuding (supra) indicates that this proposition was not passed on and decided in that case. There, an indictment was presented 'after an appearance under subpoena and examination before the Grand Jury where the party indicted did not claim his constitutional privilege against self incrimination. The case went to the Court of Appeals basically on an application to dismiss the indictment. In the Court of Appeals the majority opinion relied on something that we take to be very basic, section 6 of article I of the Constitution of the State of New York, which is part of what we call our Bill of Rights, and which states in part, “No person shall be compelled in any criminal case to be a witness against himself”, which appears to be the applicable section. This court treasures the rights of any person under our Bill of Rights, since it is a fundamental part of our system of justice and it is something that every American takes for granted without realizing the many matters that are contained in this often asserted and little understood and little appreciated Bill of Rights. However, the Court of Appeals in the Steuding case, in the opinion of this court did not pass on the situations presented in these applications, and did not say that a person may not be called before a Grand Jury, but did say that a prospective defendant or one who is a target of investigation may not be called and examined before a Grand Jury, and if he is, that Ms constitutionally conferred privilege against self incrimination is deemed violated even though he does not claim or assert the privilege. And the Court of Appeals cited as the basis for that assertion several cases cited in memorandum of counsel: (People v. De Feo, 308 N. Y. 595, 603; People v. Gillette, 126 App. Div. 665, 667 et seq.; People v. Bermel, 71 Misc. 356, 359 et seq.; as well as the case of People v. Ferola, 215 N. Y. 285, 289-290 not cited by counsel).
The Court of Appeals in its opinion goes on to state in the case of People v. Steuding (p. 217) that “ automatic result ‘of the violation of tMs constitutional privilege ” [being a prospective defendant, or one who is a -target of an investigation, who is called and actually testified before a Grand Jury]' “that the *81 defendant is protected not only from indictment based on any incriminating testimony which he may have given, but also from the use of such evidence. And the right and protection thus accorded by the Constitution may not be taken away or cut down by statute.”
It is apparent that the moving parties’ constitutional rights have not been violated by being subpoenaed before the Grand Jury and that simply being called before a Grand Jury does not violate a person’s constitutional privilege because he has not at that point been called upon to testify. When the parties appear before the Grand Jury and are called upon to testify, if they assert their constitutional privilege against self incrimination that question can and will be met by the court at that time. It is apparent that the investigation by a Grand Jury cannot and will not be hampered by the courts to the extent of keeping persons, simply because they style themselves defendants or targets of an investigation, from responding to a subpoena. It is apparent that the District Attorney should not be directed to state the scope of the inquiry and the investigation of the Grand Jury of Erie County, and it is apparent that the subpeenaes should not be quashed as requested.
Therefore, the applications are denied and it is directed that each of the parties named in this application appear before the Grand Jury of the. County of Erie on the 25th day of January, 1960 at 10:00 a.m.